IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RIVER BIRCH HOMES, INC.,** | * |
| Petitioner, | * |
| | * Case No. 07-18 |
| v. | * |
| **SHEILA SHARP,** | * |
| Respondent. | * |

### COUNTER-MOTION OF RESPONDENT
### TO VACATE ARBITRATION AWARD
### AND TO STAY PROCEEDINGS

COMES NOW Sheila Sharp, the Respondent in the above action and the Claimant in that certain arbitration styled Sheila Sharp, Claimant v. River Birch Homes, Inc., *et al.*, Respondents, formerly pending with the American Arbitration Association ("AAA"), Case No. 30 181 00650 06, and hereby submits a Counter-Motion requesting that this Honorable Court vacate the Award of Arbitrator attached to Respondent River Birch Homes, Inc.'s Petition for Order Confirming Arbitration Award as "Exhibit A." This Counter-Motion is made in accordance with 9 U.S.C. § 10. Pursuant to 9 U.S.C. § 12, the Claimant, Sheila Sharp ("Sharp"), further moves this Court for an order staying the proceedings of River Birch Homes, Inc. ("River Birch") to enforce the award pending hearing and determination of this Counter-Motion. In support of her Counter-Motion, Sharp states as follows:

## I. Grounds for Vacating Arbitration Award and Staying Proceedings.

1. An award made in an arbitration conducted under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, may be vacated by the United States District Court in and for the district wherein the award was made upon any of the statutory grounds set forth in 9 U.S.C. §10(a). An arbitration award may also be vacated upon certain established non-statutory grounds. *See B.L. Haltern Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 910 (11th Cir. 2006).

2. Pursuant to 9 U.S.C. § 10(a)(2), the federal court may enter an order vacating an arbitration award upon the application of any party to the arbitration "where there was evident partiality or corruption in the arbitrators, or either of them . . . ."

3. Further, an arbitration award may be vacated on the ground of arbitrator misconduct for "misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).

4. Notice of a motion to vacate the arbitration award must be served on the adverse party or his attorney within three months after the award is filed or delivered. 9 U.S.C. § 12.

5. The subject arbitration award was made on June 27, 2007. This Counter-Motion is timely, as it is filed within three months of the date of this decision.

6. Further, an order vacating said arbitration award is proper, as the arbitrator issuing the award had an undisclosed conflict of interest in this dispute, and this nondisclosure substantially prejudiced Sharp's rights.

7. In making the award, the arbitrator, Henry C. Strickland ("Strickland"), was evidently partial to Petitioner River Birch. A personal and business relationship exists between Strickland and one of the attorneys representing River Birch which was not disclosed to Respondent Sharp. This point is explained in detail below.

8. When a party files a motion to vacate an arbitration award, the court has the authority to stay the proceedings of the adverse party to enforce the award. 9 U.S.C. § 12.

9. Under the circumstances of the case, a stay of enforcement proceedings pending the hearing and determination of this Counter-Motion is appropriate.

## II. Arbitrator Conflict of Interest.

10. The AAA assigned arbitrator Strickland to resolve the arbitration proceeding styled Sheila Sharp, Claimant v. River Birch Homes, Inc., *et al.*, Respondents, formerly pending with the AAA as Case No. 30 181 00650 06.

11. Strickland is an Associate Dean and Professor of Law at Samford University's Cumberland School of Law.

3

12. On or about June 27, 2007, Strickland provided written notice of a potential conflict of interest he had in the subject arbitration proceeding to the AAA. A copy of this notice is attached hereto as "Exhibit 1."

13. In this notice, Strickland states that he has an affiliation with Scott Simpson ("Simpson"), one of the attorneys representing River Birch in the arbitration proceeding. Strickland explains that he knows Simpson well and is in regular communication with Simpson. (Ex. 1.) Strickland further states that Simpson is a former student of his at Samford University School of Law, and that Simpson currently teaches courses as an adjunct professor at Cumberland, where Strickland currently acts as Associate Dean and Professor of Law. (Ex. 1.)

14. The AAA did not notify Sharp or her attorneys of Strickland's potential conflict of interest prior to the arbitration hearings and the issuance of a decision on the merits in favor of River Birch.

15. It was not until Sharp's counsel received a letter from the AAA dated August 22, 2007, that counsel learned of Strickland's conflict of interest. The AAA's letter is attached hereto as "Exhibit 2."

16. A federal court has the power to vacate an arbitration award where there was "evident partiality" by the arbitrator issuing the award. 9 U.S.C. § 10(a)(2).

17. The United States Supreme Court has held that evident partiality exists when the arbitrator fails to disclose "any dealings that might create an impression of

4

possible bias." *Commw. Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 149, 89 S. Ct. 337, 339 (1968).

18. The Eleventh Circuit Court of Appeals has similarly ruled that "it is appropriate to vacate an arbitration award where the neutral arbitrator has the appearance of bias although there is no evidence of corruption, fraud, or partiality." *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1200 (11th Cir. 1982).

19. The law requires arbitrators to disclose to the parties any dealing that might create an impression of possible bias. *Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1338 (11th Cir. 2002).

20. Once it is established that the arbitrator "actually knew of, yet failed to disclose potentially prejudicial facts which could impair his judgment," the arbitration award must be set aside. *Middlesex Mut. Ins. Co.*, 675 F.2d at 1201; *see also Commw. Coatings Corp.*, 393 U.S. at 149, 89 S. Ct. at 339.

21. Further, the Canon II of the AAA's Code of Ethics for Commercial Arbitrators states that arbitrators have a continuing duty during arbitration proceedings to disclose "any past or present relationships with the parties or their representatives." *Crow Constr. v. Jeffrey M. Brown Assoc. Inc.*, 264 F. Supp. 2d 217, 224 (E.D. Pa. 2003).

22. The failure of Strickland and/or the AAA to disclose Strickland's affiliation with Simpson, one of the attorneys for River Birch, to Sharp and her

counsel prior to the issuance of a decision on the merits presents a case of arbitrator bias mandating the vacation of the arbitration award in favor of River Birch. *See Univ. Commons-Urbana, Ltd.*, 304 F.3d at 1340 (finding that arbitrator's award might be subject to vacation due to arbitrator's concurrent legal interactions with individual lawyers who represented one of the parties to the arbitration); *Middlesex Mut. Ins. Co.*, 675 F.2d at 1201-02 (vacating arbitration award due to appearance of arbitrator bias where arbitrator had repeated business dealings with one of the parties but failed to reveal this financial relationship until after he issued a decision on the merits); *Crow Constr.*, 264 F. Supp. 2d at 224-25 (vacating arbitration award due to appearance of arbitrator bias where arbitrator did not disclose that she served as mediator in case involving one of the parties shortly before the current arbitration, and two members of the arbitration panel did not disclose that they were serving as arbitrators in another proceeding involving one of the parties).

23.  The nondisclosure of Strickland's affiliation with Simpson and his corollary conflict of interest in this case substantially prejudiced Sharp's rights. As a matter of basic equity and fairness, the Award of Arbitration issued in River Birch's favor should be vacated. *See* 9 U.S.C. § 10(a)(3).

### III. Entry of Order.

24. This merits of the Counter-Motion may be determined by this Court in accordance with 9 U.S.C. §§ 10 and 12.

25. Written notice of the filing of this Counter-Motion has been served upon Petitioner River Birch through counsel of record. A copy of this Counter-Motion will also be filed promptly with the AAA.

26. Based on the preceding, the subject Award of Arbitrator should be vacated and enforcement proceedings by River Birch stayed in accordance with 9 U.S.C. §§ 10 and 12.

27. Sharp reserves the right to amend this Counter-Motion.

WHEREFORE, PREMISES CONSIDERED, Respondent Sharp, desiring to vacate the Award of Arbitration in the certain arbitration styled Sheila Sharp, Claimant v. River Birch Homes, Inc., *et al.*, Respondents, formerly pending with the AAA, Case No. 30 181 00650 06, prays that this Court will grant her Counter-Motion to Vacate Arbitration Award and to Stay Proceedings and vacate said Award of Arbitration, enter an order staying all proceedings to enforce the Award pending the hearing and determination of this Counter-Motion, order a rehearing, and for such other and further relief as may be just and proper.

Respectfully submitted,

McCORQUODALE AND McCORQUODALE

Joseph C. McCorquodale, III
226 Commerce Street
Post Office Drawer 1137
Jackson, AL 36545
Telephone: (251) 246-9015
Facsimile: (251) 246-3247

Attorneys for Respondent Sheila Sharp

Joyce Minano

**From:** Strickland, Henry ,III [hcstrick@samford.edu]
**Sent:** Wednesday, June 27, 2007 2:58 PM
**To:** Joyce Minano
**Subject:** Sharp v. River Birch Homes

EXHIBIT 1

Dear Ms. Minano,

I need to make the following new disclosure in teh above-referenced matter (AAA No. 30 181 00650 06):

I understand that Mr. Gregory Ritchey (attorney for respondent River Birch Homes, Inc.) has affiliated with Mr. Scott Simpson under the firm name of Ritchey & Simpson, PLLC since this matter was initiated. Mr. Simpson was a student in some of my classes when he attended Samford University School of Law approximately 15 years ago. In addition, Mr. Simpson currently teaches courses as an adjunct professor at Cumberland, where I am a professor and associate dean for academic affairs. In my capacity as associate dean, I prepare class schedules (determining who teaches what classes and when). I also am responsible for identifying and recruiting adjunct faculty, and I was associate dean when Mr. Simpson began teaching here as an adjunct professor. I also communicate regularly with adjunct faculty regarding administrative matters and any problems in their courses. Although I know Mr. Simpson well, I do not believe my contacts with him will affect my neutrality in this matter.

Thanks.

--Henry

Henry C. Strickland
Associate Dean and Professor of Law
Cumberland School of Law
Samford University
Birmingham, AL 35229
205-726-2411
Fax: 205-726-4051
email: hcstrick@samford.edu

6/27/2007



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Southeast Case Management Center
Chauncey B. Davis
Vice President
Linda Beyea
Assistant Vice President

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

August 22, 2007

VIA FACSIMILE

J. Charles McCorquodale, IV
McCorquodale & McCorquodale
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545

Gregory S. Ritchey, Esq.
Ritchey & Simpson, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084

Clifton E. Slaten
Slaten & O'Conner, P.C.
Winter Loop Building
105 Tallapoosa Street
Suite 101
Montgomery, AL 36104

Warren Butler
Lyons, Pipes & Cook, PC
2 North Royal Street
P.O. Box 2727
Mobile, AL 36652

Re: 30 181 00650 06
   Shelia Sharp
   and
   River Birch Homes, Inc.
   and
   Timberline Homes, Inc.

**EXHIBIT 2**

Dear Parties:

Upon review of the file, the Association notes that Arbitrator Henry Strickland made a supplemental disclosure that was not previously forwarded to the parties.

Attached, please find the arbitrator's disclosure dated June 27, 2007.

Sincerely,

Joyce Minano
Case Manager
888 320 3492
MinanoJ@adr.org

*Supervisor Information: Lauryn A. Hall, 888 320 3518, HallL@adr.org*

cc:     Henry C. Strickland

# CERTIFICATE OF SERVICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **RIVER BIRCH HOMES, INC.,** | * |
| | * |
| Petitioner, | * |
| | * Case No. -07-18 |
| v. | * |
| | * |
| **SHEILA SHARP,** | * |
| | * |
| Respondent. | * |

I certify that on this 12th day of September, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Clifton E. Slaten, Esquire
SLATEN & O'CONNOR, P.C.
P.O. Box 1110
Montgomery, AL  36101-1110

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
RITCHEY & SIMPSON, PLLC
3288 Morgan Dr., Suite 100
Birmingham, AL  35216-3084

Joseph C. McCorquodale, III

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RIVER BIRCH HOMES, INC.,** | * |
| | * |
| Petitioner, | * |
| | *   **Case No. 07-18** |
| v. | * |
| | * |
| **SHEILA SHARP,** | * |
| | * |
| Respondent. | * |

## ORDER

Respondent Sheila Sharp having filed a Counter-Motion to Vacate Arbitration Award and to Stay Proceedings, and good cause appearing therefor:

IT IS ORDERED, pursuant to 9 U.S.C. § 12, that the proceedings of Petitioner River Birch Homes, Inc. to enforce the award in the certain arbitration styled Sheila Sharp, Claimant v. River Birch Homes, Inc., *et al.*, Respondents, formerly pending with the American Arbitration Association, Case No. 30 181 00650 06, are stayed pending determination of the counter-motion of Respondent Sheila Sharp to vacate the award.

DATED September ___, 2007

_____
Hon.