IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the matter of the Arbitration between | * | |
| SHEILA SHARP, | * | |
| Petitioner, | * | |
| | * | Case No. 1:07-mc-18 |
| v. | * | |
| RIVER BIRCH HOMES, INC., | * | |
| Respondent. | * | |

**REPLY TO RESPONDENT'S RESPONSE TO
MOTION TO VACATE ARBITRATION
AWARD AND TO STAY PROCEEDINGS**

COMES NOW Sheila Sharp, the Petitioner in the above action, through counsel, and hereby submits her Reply to Respondent River Birch Homes, Inc.'s Response to Motion to Vacate Arbitration Award and to Stay Proceedings, and states as follows:

1. In arguing that the arbitration award should be upheld, River Birch basically contends that because there is evidence in the record to support the award, the award could not have been the product of arbitrator bias. This argument misconstrues and/or misapplies the statutory standards for the setting aside of an arbitration award and, therefore, should be rejected.

2. The law is clear that an arbitration award is subject to vacatur upon any of the statutory grounds set forth in 9 U.S.C. § 10(a). This is true regardless of whether a rational basis exists for the award. *Olson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 51 F.3d 157, 160 (8th Cir. 1995); *Schmitz v. Zilveti*, 20 F.3d 1043, 1049 (9th Cir. 1994)[1]; *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288-89 (11th Cir. 2002); *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778-79 (11th Cir. 1993) (*Brown II*); *Isenhower v. Morgan Keegan & Co.*, 311 F. Supp. 2d 1319, 1325 (M.D. Ala. 2004).

3. In determining whether to vacate an arbitration award, the court must focus on the question as to whether the conditions set forth in 9 U.S.C. § 10(a) are satisfied. *Brown v. Rauscher Pierce Refsnes, Inc.*, 796 F. Supp. 496, 503 (M.D. Fla. 1992) (*Brown I*), *aff'd*, *Brown II*, 994 F.2d at 775.

4. If arbitrator bias is shown pursuant to 9 U.S.C. §10(a)(2), the arbitration award should be set aside without reference to the substantive merits of the case. In effect, a "finding of evident partiality in one arbitrator generally *requires* vacatur of the arbitration award . . . ." *Schmitz*[2], 20 F.3d at 1049 (emphasis added).

---

[1] The Eleventh Circuit disagreed with *Schmitz* on other grounds in *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir.), *cert. denied*, 525 U.S. 1016, 119 S. Ct. 540 (1998).

[2] *See* n.1, *supra*.

5. In the event the court should find that "no arbitral misconduct as proscribed by the statute" exists, the court must then analyze whether there is a rational basis to uphold the award. *Brown I*, 796 F. Supp. at 503.

6. Accordingly, the merits of the case become relevant only if the court should determine that the statutory conditions set forth in 9 U.S.C. § 10(a) for the setting aside of the arbitration award are not satisfied.

7. In the present case, Sharp contends that the arbitrator, Strickland, had an undisclosed conflict of interest, and that the resulting arbitration award was the product of arbitrator bias. In ruling on Sharp's motion to vacate, the Court need not address the merits of the case. Instead, the analysis should focus solely on the question as to whether there was evident partiality by Strickland pursuant to 9 U.S.C. § 10(a)(2). *See Commw. Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 149, 89 S. Ct. 337, 339 (1968); *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1200 (11th Cir. 1982).

8. The evidence shows that such evident partiality existed on the part of Strickland. The arbitration award must be set aside because Strickland "actually knew of, yet failed to disclose potentially prejudicial facts which could impair his judgment . . . ." *Middlesex Mut. Ins. Co.*, 675 F.2d at 1201; *see also Commw. Coatings Corp.*, 393 U.S. at 149, 89 S. Ct. at 339.

9. Because the statutory conditions for the setting aside of the arbitration award in favor of River Birch are satisfied, the merits of the case are irrelevant and need not be addressed by the Court.

10. Hence, even if it is conceded for purposes of this motion that some rational basis for the award may exist, the award must still be vacated on the statutory ground of arbitrator bias. 9 U.S.C. § 10(a)(2).

WHEREFORE, PREMISES CONSIDERED, this Court should grant Petitioner Sharp's Motion to Vacate Arbitration Award and to Stay Proceedings.

                Respectfully submitted,

                McCORQUODALE AND McCORQUODALE

                */s/ Joseph C. McCorquodale III*
                Joseph C. McCorquodale, III, Esquire
                226 Commerce Street
                Post Office Box 1137
                Jackson, AL 36545-1137
                Telephone: (251) 246-9015
                Facsimile: (251) 246-3247

                Attorneys for Petitioner Sheila Sharp

# CERTIFICATE OF SERVICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **In the matter of the Arbitration between** * * * | |
| **SHEILA SHARP,** * * | |
| Petitioner, * | |
| * | Case No. 1:07-mc-18 |
| v. * * | |
| **RIVER BIRCH HOMES, INC.,** * * | |
| Respondent. * | |

I certify that on this 30th day of October 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Clifton E. Slaten, Esquire
SLATEN & O'CONNOR, P.C.
Post Office Box 1110
Montgomery, AL 36101-1110

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
RITCHEY & SIMPSON, PLLC
3288 Morgan Dr., Suite 100
Birmingham, AL 35216-3084

M. Warren Butler, Esquire
Bradley R. Sanders, Jr., Esquire
LYONS, PIPES & COOK, PC.
2 North Street
P.O. Box 2727
Mobile, AL 36652-2727

_____
Joseph C. McCorquodale III, Esquire