**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**


| | |
|---|---|
| **IN REGARD TO THE ARBITRATION** ) | |
| **BETWEEN** ) | |
| ) | |
| **SHEILA SHARP, Claimant,** ) | |
| ) | |
| **and** ) | **CASE NO.  MC-07-0018-KD-M** |
| ) | |
| **RIVER BIRCH HOMES, INC.,** ) | |
| ) | |
| **Respondent.** ) | |


## <u>ORDER</u>

This matter is before the court on the respondent River Birch Homes, Inc.'s petition for

order confirming arbitration award (doc. 1), claimant Sheila Sharp's counter-motion to vacate

arbitration award and to stay proceedings, (doc. 2), respondent's response (doc. 6), and

claimant's reply (doc. 7).  Upon review of the pleadings, the court finds that there is sufficient

factual evidence in the record to support a decision on the petition and thus an evidentiary

hearing is not necessary.  Accordingly, upon consideration and for the reasons set forth herein,

the petition to confirm arbitration award is GRANTED and the motion to vacate the arbitration

award is DENIED.  The matter having been ruled upon the motion to stay the award is MOOT.


<u>Procedural History</u>

Respondent River Birch Homes, Inc. petitions the court to confirm the Award of

Arbitrator entered on August 13, 2007 by the American Arbitrator Association arbitrator Henry

C. Strickland wherein the arbitrator denied claimant Sharp's claims in their entirety.  Sharp

counter moves to vacate the arbitration award on the basis of evident partiality on the part of

Strickland because he had a personal and business relationship with one of the attorneys in the

firm which represented River Birch which was not disclosed to Sharp.  Sharp also moves to stay

enforcement of the award.  River Birch answers the counter motion and argues that the arbitrator

was not partial.  River Birch asserts that Strickland's interaction with one of the attorneys was

too remote, speculative, and uncertain to lead a reasonable person to believe that a potential

conflict exists and thus there is no evidence of evident partiality and the arbitration award should

be confirmed

Factual background[1]

Claimant Sheila Sharp purchased a manufactured home from River Birch and Timberline

Homes, Inc..  She petitioned the American Arbitration Association to arbitrate a dispute with

River Birch and Timberline regarding the condition of the home.  Strickland, an Associate Dean

and Professor of Law at Cumberland School of Law at Samford University, in Birmingham,

Alabama, was appointed as arbitrator by the AAA.  Sharp was represented by Joseph C.

McCorquodale III of McCorquodale and McCorquodale.  River Birch was represented by

Gregory S. Ritchey and Richard S. Walker of Ritchey and Simpson, PLLC, and Clifton E. Slaten

of Slaten and O'Connor, P.C.[2]  Warren Butler of Lyons, Pipes & Cook, represented Timberline.

---

[1] The parties do not dispute these facts.  Therefore, an evidentiary hearing was not necessary for resolution of this issue.

[2] In the response to the counter motion to vacate, River Birch explains that "Ritchey and Walker are River Birch's personal attorneys due to insurance issues; Clifton Slaten is River Birch's lead attorney." (Doc. 6, p. 3, n.1).  Sharp does not dispute this explanation of the status of the attorneys.

Timberline is not a party to this action although the record indicates that it was a party to the

arbitration. (Doc. 4, Exhibit A).

Arbitration proceedings began and on October 9, 2006, Strickland completed an

"Arbitrator Disclosure" wherein he states as follows:

> I believe I may have served as arbitrator in the past in a matter in which
> the law firm of Ritchey and Ritchey represented a party. I am unable to verify
> that fact in my records, however, and I can recall neither the nature of the matter
> nor the year of any such arbitration.
> I have been on the faculty of Samford University's Cumberland School of
> Law since 1988. During this time, one or more attorneys in one or more of the
> law firms representing parties in this matter may have been students in one of the
> classes I taught.

(Doc. 6, p. 16, Exhibit 3).

During the arbitration, River Birch was represented by Gregory S. Ritchey and Richard

S. Walker. After the arbitration had begun but before it was complete, Ritchey formed a

professional limited liability company with Scott Simpson, under the name Ritchey & Simpson,

PLLC. Previously, the firm had been named Ritchey and Ritchey. Simpson did not participate

in the arbitration.[3] On June 27, 2007, Strickland, the arbitrator, notified the AAA by electronic

mail of the following new disclosure:

> I understand that Mr. Gregory Ritchey (attorney for respondent River Birch
> Homes, Inc.) has affiliated with Scott Simpson under the firm name of Ritchey &
> Simpson, PLLC since this matter was initiated. Mr. Simpson was a student in
> some of my classes when he attended Samford University School of Law
> approximately 15 years ago. In addition, Mr. Simpson currently teaches courses
> as an adjunct professor at Cumberland, where I am a professor and associate dean

---

[3] Simpson provided an affidavit wherein he states that he did not have "any direct contract with the case or its issues, other than this Affidavit" and that he "did not make an appearance in the matter, nor did [he] participate in the arbitration or preparation for the arbitration of the matter." (Doc. 6, Exhibit 2). Sharp did not dispute these facts in her reply. (Doc. 7).

for academic affairs. In my capacity as associate dean, I prepare class schedules (determining who teaches what classes and when). I also am responsible for identifying and recruiting adjunct faculty, and I was associate dean when Mr. Simpson began teaching here as an adjunct professor. I also communicate regularly with adjunct faculty regarding administrative matters and any problems in their courses. Although I know Mr. Simpson well, I do not believe my contacts with him will affect my neutrality in this matter.

(Doc. 7, Exhibit 1).

Although this information was disclosed to the AAA, Strickland did not disclose this relationship to Sharp or her attorneys. On August 22, 2007, after the conclusion of the arbitration on August 13, 2007, the AAA notified all counsel of the supplemental disclosure which had not been previously provided to the parties. (Doc. 2, Exhibit 2).


Analysis

The Federal Arbitration Act, 9 U.S.C. § 9, provides that, in the absence of an agreement otherwise in the arbitration agreement, any party to an arbitration may apply to the district court in the district where the award was made for an order to confirm the award within one year after the award is made. "The Federal Arbitration Act presumes that arbitration awards will be confirmed, and judicial review of an arbitration award is narrowly limited." *Rosensweig v. Morgan Stanley & Co., Inc.*, 494 F. 3d 1328, 1333 (11th Cir., 2007) citing *B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir., 2006) and *Davis v. Prudential Securities, Inc.*, 59 F. 3d 1186, 1190 (11th Cir., 1995). The courts "should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review." *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 149, 89 S.Ct.

337, 339 (1968). "[F]ederal courts should defer to an arbitrator's decision whenever possible".

*B.L. Harbert Intern., LLC*, 441 F.3d at 909 (citation omitted); *see also Lifecare International, Inc. v. CD Med., Inc.*, 68 F. 3d 429, 433 (11ᵗʰ Cir. 1995).

In addition to three non-statutory grounds,[4] arbitration awards may be vacated on only four statutory grounds. The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, sets forth as follows:

§ 10. Same; vacation; grounds; rehearing

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone

---

[4] Sharp has not raised any non-statutory grounds to vacate the award. *See B.L. Harbert Intern., LLC*, 441 F.3d at 910 ("In addition to those four statutory grounds for vacatur, we have said that there are three non-statutory grounds. An award may be vacated if it is arbitrary and capricious, *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11ᵗʰ Cir.1992), if enforcement of the award is contrary to public policy, *Delta Air Lines, Inc., v. Air Line Pilots Ass'n, Int'l.*, 861 F.2d 665, 671 (11ᵗʰ Cir.1988), or if the award was made in manifest disregard for the law, [*Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1464 (11ᵗʰ Cir. 1997)]. The case law in this Circuit indicates that when a non-statutory ground is the basis for a motion to vacate an arbitration award, the court must inquire into whether the award has a rational basis. However, since Sharp presented no non-statutory arguments, conceded for purposes of this motion that some rational basis for the award may exist (doc. 7), conceded that in ruling on her "motion to vacate, the court need not address the merits of the case" but "[i]nstead, the analysis should focus solely on the question as to whether there was evident partiality by Strickland . . ." (doc. 7, ¶ 7), the court shall not undertake an analysis of whether the award had a rational basis. *See University Commons-Urbana, Ltd. v. Universal Constructors Inc.,* 304 F.3d 1331, 1338 (11ᵗʰ Cir., 2002) (finding that when there is an allegation of evident partiality on the part of an arbitrator, "[t]o maintain this sense of impartiality, the law imposes the simple requirement that arbitrators disclose to the parties any dealing that might create an impression of possible bias . . ." and "[w]hether the arbitrator's decision itself is faulty is not necessarily relevant.") (citations and internal quotations omitted).

the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

Sharp brings her counter motion to vacate under § 10(a)(2) alleging that there was

evident partiality on the part of the arbitrator Strickland and § 10(a)(3) alleging that there was

misbehavior on the part of Strickland which prejudiced Sharp's rights. The burden of proving

the grounds necessary to vacate an award rests with Sharp, the party challenging the arbitration.

*Riccard v. Prudential Ins. Co.,* 307 F. 3d 1277, 1289 (11th Cir. 2002); *Scott v. Prudential*

*Securities, Inc.*, 141 F. 3d 1007, 1014 (11th Cir. 1998).

The standard of review for a motion to vacate based upon an allegation of evident

partiality was set forth in *University Commons-Urbana, Ltd.,* as follows:

> . . . keeping in mind the standard we have established in this Circuit through our earlier cases. That is, "an arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists."

304 F.3d at 1339 (citations omitted).

> This standard can be further distilled into three key elements: (1) the arbitrator must be aware of the facts comprising a potential conflict; (2) the potential conflict must be one that a reasonable person would recognize; and (3) the arbitrator must fail to disclose the conflict. . . . In other words, for an award to be vacated, the arbitrator must not have disclosed enough information for a reasonable person to realize that a potential conflict existed. Otherwise, the party would have-or, at least, should have-recognized the conflict at the time of the disclosure, and promptly objected.

*Id.* at 1341.

Sharp does not reference any evidence to support that an actual conflict of interest exists,[5]

thus the court looks to the second element: whether "the arbitrator knows of, but fails to disclose,

information which would lead a reasonable person to believe that a potential conflict exists." *Id.*

There is no dispute that Strickland's relationship to Simpson was not disclosed to plaintiff prior

to the conclusion of the arbitration.[6]  Therefore, the court must determine whether this

undisclosed information, Strickland's concurrent academic association with Simpson, Ritchey's

law partner, is "information which would lead a reasonable person to believe that a potential

conflict exists." *Id.*

To meet this standard, ". . . in a nondisclosure case, the party challenging the arbitration

award must establish that the undisclosed facts create a 'reasonable impression of partiality.'"

*Lifecare*, 68 F.3d at 433 citing *Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th

Cir., 1982).  To do so, the Eleventh Circuit has held that the "alleged partiality must be 'direct,

definite and capable of demonstration rather than remote, uncertain and speculative.'" *Lifecare*,

68 F.3d at 433 (citations omitted).  "Accordingly, the mere appearance of bias or partiality is not

---

[5] Although Sharp refers to Strickland's undisclosed conflict of interest as prejudicial (doc. 2, ¶ 6, 15, 23), her argument primarily focuses on whether the information was sufficient to establish the appearance or impression of a possible or potential conflict of interest and not on whether Strickland had an actual conflict of interest.

[6] On October 9, 2006, Strickland disclosed that he had been on the faculty of Cumberland Law School since 1988 and may have taught either the attorneys in the case or other attorneys in their firm. (Doc. 6, p. 16, Exhibit 3).  Sharp did not dispute that this disclosure was made and participated in the arbitration with this knowledge.  Therefore, she has waived any argument that the past teacher-student relationship can serve as the basis for vacating the arbitration on the grounds of evident partiality.  *See Bianchi v. Roadway Exp., Inc.*, 441 F.3d 1278, 1285 (11th Cir., 2006) ("The burden is on Roadway to prove waiver. . . .  In order to do this Roadway must show that Bianchi had full knowledge of the fact underlying his bias claim.") (internal citations and quotations omitted).

enough to set aside an arbitration award." *Id*.  Moreover, because the federal policy is in favor of

arbitration, "the 'evident partiality' exception is to be strictly construed." *Gianelli Money*

*Purchase Plan & Trust v. ADM Investor Services, Inc.*, 146 F. 3d 1309, 1312 (11th Cir. 1998).

Also, in order to vacate the award based upon "other misbehavior" on the part of the

arbitrator Strickland pursuant to § 10(a)(3), Sharp must show that Strickland's failure to disclose

his concurrent academic relationship with Simpson caused her prejudice. *See Scott v. Prudential*

*Securities, Inc.*, 141 F. 3d 1007, 1017 (11th Cir. 1998) ("Whether we consider this argument as a

refusal to consider pertinent evidence or as "other misbehavior," under section 10(a)(3), we note

that Scott must show that the arbitrators' refusal to permit him to participate by telephone caused

him some prejudice.")

The agreed facts establish that Strickland maintained a concurrent academic relationship

with Simpson a law partner of Ritchey who represented River Birch at the arbitration.  However,

the court finds that alleged partiality or bias of Strickland in favor of River Birch is too remote,

uncertain and speculative to create a reasonable impression of partiality.  *Cf. Lifecare*, 68 F 3d at

434 ( finding that a past dispute between an arbitrator and an attorney associated with the

attorney appearing for the arbitration was "a situation that is more in the line of remote,

uncertain, and speculative partiality, as opposed to bias or partiality that is direct, definite, and

capable of demonstration. . . . It does not follow that an arbitrator's personal feelings in favor of

or against one attorney would necessarily be transferred to another attorney in the same firm.")

(internal citation and quotations omitted).   For Strickland to be found partial toward River

Birch, one must assume that because Strickland knows Simpson and works with him at

Cumberland, he favors Simpson; then one must assume that Strickland will transfer that

8

favoritism to Ritchey as Simpson's new partner, and then transfer that favoritism to River Birch. First, Strickland's personal and professional thoughts toward Simpson are speculative and unknown, i.e. there may be no favoritism to transfer. Second, assuming he thinks well of Simpson personally and professionally, transferring any favoritism to Ritchey and then to River Birch is just too remote.

Moreover, plaintiff has referenced no evidence or made any meritorious argument that Strickland had any reason to curry favor with Simpson for any pecuniary or professional gain. Strickland's association with Simpson was limited to their personal and professional interaction as Associate Dean and Adjunct Professor. Therefore, the court finds that Simpson's relationship to Strickland does not create a "reasonable impression of partiality". *Lifecare*, 68 F.3d at 433.

Sharp also argues that she has been substantially prejudiced by Strickland's misbehavior in failing to timely disclose his academic relationship with Simpson, Ritchey's law partner. However, the court having found that non-disclosure of this information is not evident partiality on the part of Strickland, finds that Sharp has not met her burden of establishing that she has been prejudiced by Strickland's alleged misbehavior. Sharp has not identified any prejudice resulting from any act on the part of Strickland. An unfavorable outcome of the arbitration, standing alone, is not sufficient to establish prejudice.


Conclusion

Because the court finds no grounds exist to support vacating the arbitrator's award on the basis of evident partiality or misbehavior, and because the Eleventh Circuit guides this court to narrowly limit judicial review and give deference to the decision of an arbitrator, *B.L. Harbert*

*Intern., LLC*, 441 F.3d at 909, the petition to confirm arbitration award is GRANTED and the motion to vacate the arbitration award is DENIED. The matter having been ruled upon the motion to stay the award is now MOOT. Therefore, this action is hereby dismissed.

      **DONE** and **ORDERED** this the 27th day of December, 2007.

                            **s/ Kristi K. DuBose**
                            **KRISTI K. DuBOSE**
                            **UNITED STATES DISTRICT JUDGE**